**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| Ruben Palazzo | * | |
| *Appellant*, | * | |
| v. | * | Case No.: 23-1429<br>Appeal from Case No.: 8:20-cv-02392 |
| Bayview Loan Servicing LLC, *et al*. | * | |
| *Appellees*. | * | |

* * * * * * * * * * * * * * * * * * *

**APPELLEES' REPLY IN SUPPORT OF**
**MOTION TO DISMISS APPEAL**

Appellees, Bayview Loan Servicing, LLC ("Bayview") and Manufacturers and Traders Trust Company d/b/a M&T Bank ("M&T") (collectively "Appellees"), by and through their undersigned counsel, file this Reply in support of the Motion to Dismiss Appeal, and in support thereof, state as follows:

**INTRODUCTION**

In the Opposition to Appellees' Motion to Dismiss (the "Opposition"), Appellant argues that the District Court's order granting partial summary judgment constitutes a final order under *Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 205 L.Ed.2d 419 (2020). (Opp. p. 11, Dkt. No. 21-1). Notwithstanding the above, Appellant's argument misses the mark for several reasons. The *Ritzen* decision was specific to, and relied upon the unique nature of bankruptcy court orders adjudicating motions for relief from the automatic stay imposed by 11 U.S.C.

§ 362. Not only does the instant Appeal not involve an order adjudicating a motion for relief from an automatic stay, it is not even an appeal from an order of the bankruptcy court. Moreover, Appellant's reliance upon out-of-circuit authority is also not only misplaced, but equally inapposite to the case at hand.

As explained more fully below, because the District Court's order granting partial summary judgment to Appellees' is not a final order, this Court lacks jurisdiction and the Appeal must be dismissed.

## ARGUMENT

### I. This Appeal does not involve a motion for relief from the automatic stay.

In the Opposition, Appellant argues, "this Court should find that an order adjudicating a willful violation of the automatic stay is a final, appealable order even if there are other non-bankruptcy claims left to be decided." (Opp. p. 8) However, Appellant is wrong to suggest that the *Ritzen* case applies to his Appeal. At the very outset of *Ritzen* the Court noted that, "in civil litigation generally, a court's decision ordinarily becomes 'final,' for purposes of appeal, only upon completion of the entire case, *i.e.*, when the decision 'terminate[s the] action' or 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Ritzen*, 140 S.Ct. at 586 (citing *Gelboim* v. *Bank of America Corp.*, 574 U. S. 405, 409 (2015) (internal quotation marks omitted)). Notably, however, the Court pointed out that bankruptcy cases, unlike typical litigation, "embrace an aggregation of

individual controversies," and thus the finality of orders requires a different analysis. *Id.* Appeals in civil litigation, generally, arise under 28 U.S.C. § 1291 and the only appeals of right are final decisions that resolve an entire case. *See In re Saco Local Development Corp.*, 711 F.2d 441, 443 (CA1 1983) (Breyer, J.) ("Traditionally, every civil action in a federal court has been viewed as a 'single judicial unit,' from which only one appeal would lie."). To the contrary and as the *Ritzen* Court explained, appeals from the decisions of bankruptcy courts are governed by 28 U.S.C. § 158, and the analysis involved in evaluating the finality of a stay relief order for purposes of appeal is distinct and unique from appeals of district court decisions. In fact, the *Ritzen* decision is an incredibly narrow one that is neither legally nor factually applicable to the case at bar.

Unlike the circumstances here, *Ritzen* involved a creditor's motion for relief from the automatic stay. *See Ritzen*, 140 S. Ct. at 587; *see also* 11 U.S.C. § 362 (d). As explained by the Supreme Court, "a creditor may seek relief from the stay by filing in the bankruptcy court a motion for an order terminating, annulling, modifying, or conditioning the stay." *Ritzen*, 140 S. Ct. at 589 (quoting 11 U.S.C § 362) (internal citations omitted). In that regard, a motion for stay-relief "is a discrete proceeding," that is "anterior to, and separate from, claim-resolution proceedings." *Ritzen*, 140 S. Ct. at 589. An order resolving a motion for relief from the automatic

stay immediately "determines whether a creditor can isolate its claim from those of other creditors" within the bankruptcy. *Id.* at 590.

In light of the above, it is abundantly clear that the *Ritzen* case is not applicable to this case. The instant appeal concerns an order of the District Court granting summary judgment in favor of the Appellees' on two claims within an adversary complaint filed by Appellant. This Court has explained that because adversary proceedings are typically stand-alone lawsuits, "'the discrete dispute' [to be considered] *is* the adversary proceeding itself, not a particular claim within that proceeding." *Ayers v. United States Dep't of Def.*, 819 F. App'x 180, 181 (4th Cir. 2020). Furthermore, Rule 54 of the Federal Rules of Civil Procedure, which is applicable to adversary proceedings, provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities… does not end the action." *See* Fed. R. Civ. P. 54; Fed. R. Bankr. P. 7054. Thus, dismissal is proper because the District Court has not entered a final judgment or order in Appellant's adversary proceeding and his appeal is premature.

**II. Appellant's citation to out-of-circuit authority is neither controlling nor persuasive.**

Appellant's reliance on *In re Perl*, 811 F.3d 1120 (9th Cir. 2016) is similarly misplaced. Much like *Ritzen*, the *Perl* case involved a motion for relief from the automatic stay filed by a creditor in a dispute relating to property. While foreclosure proceedings were taking place in state court, Perl (the debtor), filed a bankruptcy

petition to stay the state court proceedings filed by Eden Place (the creditor). In turn, Eden Place, filed a motion for relief from the automatic stay, while Perl filed an emergency motion to enforce the automatic stay. Ultimately, the bankruptcy court ruled that Eden Place had violated the automatic stay. Significantly, because the bankruptcy court's ruling "was the only issue litigated in the bankruptcy proceedings and before the BAP," the Ninth Circuit found that the bankruptcy court's order was a final decision in the bankruptcy context. *See In re Perl*, 811 F.3d at 1127.

But the same cannot be said here. First, Appellant's Opposition fails to address the fact that his bankruptcy case has been closed since July 10, 2022, and there is *nothing* pending in the bankruptcy court. Indeed, Appellant's entire case has been transferred to the District Court for determination and the order appealed from is not an order of the Bankruptcy Court. Allowing Appellant to now appeal the District Court's order granting partial summary judgment would lead to "piecemeal, prejudgment appeals," which the *Ritzen* court explained undermines the "efficient judicial administration" of our court system. *Ritzen*, 140 S. Ct. at 586. Moreover, the *Perl* case did not even involve an adversary proceeding, like we have here, but concerned a discrete motion from relief from stay, which was the only matter before the bankruptcy court. In the face of this record and the remaining claims to be adjudicated by the District Court, Appellant's appeal should be dismissed.

## CONCLUSION

For all of the foregoing reasons, Appellees' respectfully request that this Court grant their Motion to Dismiss the Appeal for lack of jurisdiction.

Date: May 22, 2023

Respectfully submitted,

*/s/ Ariana K. DeJan-Lenoir*
Bradford S. Bernstein (Bar No. 13811)
Patricia B. Jefferson (Bar No. 27668)
Ariana K. DeJan-Lenoir (Bar. No. 20522)
MILES & STOCKBRIDGE, P.C.
100 Light Street
Baltimore, Maryland 21202
Tel: 410-385-3468
bbernstein@milesstockbridge.com
pjefferson@milesstockbridge.com
adejanlenoir@milesstockbridge.com

*Attorneys for Appellees Community Loan Servicing LLC f/k/a Bayview Loan Servicing LLC and Manufacturers and Traders Trust Company d/b/a M&T Bank*

**CERTIFICATE OF COMPLIANCE**

In accordance with Rules 27(d)(2)(A) of the Federal Rules of Appellate Procedure, the undersigned counsel for Appellant certifies that the foregoing is printed in 14 point typeface, in Times New Roman font, and contains no more than 5,200 words. According to Microsoft Word, this motion contains 1,389 words.

*/s/ Ariana K. DeJan-Lenoir*
Ariana K. DeJan-Lenoir

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 22nd day of May 2023, a copy of the foregoing was served via the Court's CM-ECF filing system on all counsel of record.

*/s/ Ariana K. DeJan-Lenoir*
Ariana K. DeJan-Lenoir